519 P.2d 362 (1973)
J. David SIGRIST, Plaintiff-Appellee,
v.
CENTURY 21 CORPORATION, Defendant-Appellant.
No. 73-158.
Colorado Court of Appeals, Div. II.
December 18, 1973.
Rehearing Denied January 17, 1974.
James A. Littlepage, Denver, for plaintiff-appellee.
*363 Cogswell & Cox, Jonathan C. S. Cox, Denver, for defendant-appellant.
Not Selected for Official Publication.
ENOCH, Judge.
This is an action for breach of contract which was tried to the court. Century 21 Corporation, defendant-appellant, appeals from a judgment entered for J. David Sigrist, plaintiff-appellee. We affirm.
Century 21 owns and operates the Century 21 Speedway race track in Arapahoe County. Sigrist is the owner and driver of a Figure 8 racing car. Sometime prior to July 4, 1971, Century 21 distributed a letter to various race drivers including Sigrist which stated among other things that the point leader at the end of the racing season in each division would be awarded a cash bonus. The point leader in the Figure 8 division was to receive $2,000. In expectation of prize money given at the end of each race plus the possibility of winning the bonus prize, Sigrist entered his car in all of the Figure 8 races that were held at Century 21 Speedway from the opening of the season on or about July 4, 1971, until August 13, 1971. On that date, Century 21 terminated the Figure 8 races because in its opinion there were insufficient entries to put on a good show for the spectators. As of August 13, Sigrist was the point leader in the Figure 8 division. Century 21 continued the races in the other divisions until the early part of September. When the racing season ended a trophy and award banquet was held, and Sigrist was publicly acknowledged as the Figure 8 Champion for 1971 at the Century 21 Speedway and was given the championship trophy. Subsequently Sigrist initiated this lawsuit to collect the $2,000 bonus which Century 21 had refused to pay.
Century 21 contends that the bonus was an offer for a unilateral contract and that it had the right to and did in fact revoke the offer before performance was completed by Sigrist. Century 21 further contends that even if revocation of the offer was impermissible or ineffective, Sigrist is not entitled to the bonus because, since the bonus was to be awarded to the point leader at the end of the season and the Figure 8 races were terminated prior to completion of the normal season, he did not complete performance. We do not agree with these contentions.
Offers to enter into either bilateral or unilateral contracts may not be revoked after acceptance. In the case of an offer for a unilateral contract (an offer which requests return performance rather than a promise to perform), the offer is accepted when substantial performance has been rendered by the offeree.
"Where one party makes a promissory offer in such form that it can be accepted by the rendition of the performance that is requested in exchange, without any express return promise or notice of acceptance in words, the offeror is bound by a contract just as soon as the offeree has rendered a substantial part of that requested performance." 1 A. Corbin, Contracts § 49.
In this case the trial court, on competent evidence found that Sigrist had more than sustantially performed the required acts. Such performance resulted in the formation of a unilateral contract binding on Century 21.
When an offer for a unilateral contract has been accepted, the offeror is not bound to pay the full contract price until the performance requested in the offer has been completed. 1 A. Corbin, Contracts § 63. Century 21 contends that Sigrist's performance was not completed because the "season" was cut short. The trial court found that the word "season" was never defined by Century 21, nor did the offer state a minimum number of races which had to be run in order to collect the bonus. The trial court concluded that the 1971 "season" for Figure 8 races at Century 21 consisted of the six races actually held. Therefore, Sigrist had completely performed his part of the contract and was entitled to the bonus.
*364 We agree with the trial court's conclusions on this issue. Century 21 had complete control in determining the length of the season and by its own action terminated Figure 8 racing prior to completion of the season for the other racing divisions. To hold otherwise would permit Century 21 to obtain all it bargained for, the entry of Sigrist and other drivers, and yet to relieve itself of any liability for payment of the bonus by cancelling even the last race of the year.
We find no merit in Century 21's argument regarding the effectiveness of its alleged letter of revocation, and, in any event, in light of our disposition of the acceptance issue, the question is moot.
Judgment affirmed.
COYTE and PIERCE, JJ., concur.